UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARIN and GEORGE EDWIN MILLIGAN, California residents, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., a California corporation; and TOYOTA MOTOR CORPORATION, a foreign corporation,<br><br>Defendants. | Case No. C09-05418 RS<br><br>**DECLARATION OF KATIE HORTON RE: NOTICE PROCEDURES** |

I, **KATIE HORTON**, declare:

    1.     I am a Senior Consultant at Kurtzman Carson Consultants LLC ("KCC"), located at 75 Rowland Way, Suite 250, Novato, California. I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

    2.     The purpose of this declaration is to provide the Parties and the Court with a summary and the results of the work performed by KCC related to the Notice Procedures for the Milligan v Toyota Motor Sales settlement following the Preliminary Approval.

    3.     KCC was retained to, among other tasks, prepare the Class Member list for mailing and

mail the Notice of Pendency of a Class Settlement and Hearing on a Final Approval Order and Judgment.  Copies of the Notice in English and Spanish are attached hereto as Exhibits A and B, respectively.

4. KCC received the computerized lists of vehicle state registration records from Toyota Motor Sales U.S.A., Inc. ("Toyota"), via the Tax Commission of Oklahoma and R.L. Polk & Co. ("Polk"), as follows:

    a. on August 16, 2011, KCC received from the Tax Commission of Oklahoma a computerized of 234,999 vehicle state registration records, of which 3,949 records were noted to match the Vehicle Identification Numbers ("VINs") registered in the Tax Commission of Oklahoma's database and contained class member names and addresses.

    b. On August 24, 2011, KCC received from Polk a computerized of 613,421 vehicle state registration records, of which 611,318 records were noted to match the Vehicle Identification Numbers ("VINs") in Polk's vehicle registration database.

5. Combined, the starting list of class member names, addresses and VINs was 615,267 records, characterized as the Class Member List, i.e., all persons in the United States, including the Commonwealth of Puerto Rico, who currently own or lease or formerly owned or leased a model year 2001 through 2003 Toyota RAV4 equipped with an automatic transmission.

6. On or before August 30, 2011, I caused the addresses in the Class Member List to be updated using the National Change of Address system, which updates addresses for all people who had moved during the previous four years and filed a change of address with the U.S. Postal Service.  New addresses were found for 2,960 class members.  The Class Member List was updated with these new addresses.

7. KCC reviewed the Class Member List and identified 1,124 exact duplicate records that matched other records based on the full name, address and VIN.  KCC consolidated these into one record, which reduced the list to 614,143 records.

8. KCC then identified 41 records with international addresses.  Per the class definition and after confirming with defendants' counsel, KCC removed these name and address records from the class

2
Declaration of Katie Horton Re: Notice Procedures

list. This reduced the list to 614,102 records.

9. KCC also identified 17 records with addresses in US Territories (other than Puerto Rico). Per the class definition and after confirming with defendants' counsel, we removed these name and address records from the class list. This reduced the list down to 614,085 records, which is the final number of class member records.

10. KCC identified 125 class member records that were missing an address. Unless and until an alternate address is identified, these 125 records will be withheld from the mailing, per confirmation with defendants This reduces the number of class member records to be mailed a Notice to 613,960.

11. KCC separated the addresses located in Puerto Rico from the rest of the addresses. The 597,722 class member records not located in the Puerto Rico will be mailed the English version of the Notice. The 16,238 class member records located in Puerto Rico will receive both the English and Spanish versions of the Notice.

12. KCC is in the process of creating an Interactive Voice Response (the "IVR") system to be established (1-877-235-4599) to provide information about the settlement and to record requests for Notice Packets. This phone line will be available on or before September 9, 2011.

13. KCC is in the process of establishing a website (http://www.RAV4ECMSettlement.com/) to provide information about the settlement and to allow Class Members to download copies of the Claim Form and Notice. This website will be available on or before September 9, 2011.

14. KCC is in the process of printing the Notices. The 613,960 Notices will be mailed on September 9, 2011.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct to the best of my knowledge and that this declaration was executed this 6th day of September 2011 at Novato, California.

_____
Katie Horton

# CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on September 6, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Frank C. Rothrock
>Email:  frothrock@shb.com
>Douglas W. Robinson
>Email:  dwrobinson@shb.com
>Eva M. Weiler
>Email:  eweiler@shb.com
>SHOOK, HARDY & BACON LLP
>5 Park Plaza, Suite 1600
>Irvine, California  92614
>Telephone:  (949) 475-1500
>Facsimile:  (949) 475-0016
>
>Robert Thomas Adams, *Admitted Pro Hac Vice*
>Email:  rtadams@shb.com
>SHOOK, HARDY & BACON LLP
>2555 Grand Boulevard
>Kansas City, Missouri  64108
>Telephone:  (816) 474-6550
>Facsimile:  (816) 421-5547
>
>*Attorneys for Defendants*

DATED this 6th day of September, 2011.

>TERRELL MARSHALL DAUDT & WILLIE PLLC
>
>
>By: /s/  Beth E. Terrell, CSB #178181
>     Beth E. Terrell, CSB #178181
>     Email: bterrell@tmdwlaw.com
>     936 North 34th Street, Suite 400
>     Seattle, Washington  98103-8869
>     Telephone:  (206) 816-6603
>     Facsimile:  (206) 350-3528
>
>*Attorneys for Plaintiffs*

CASE NO. C09-05418 RS

Exhibit A

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

**If you ever owned or leased a Toyota RAV4 Model Year 2001 through 2003, in the United States or Puerto Rico, you could be affected by a class action settlement.**

*A federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**Notice of the Pendency of a Class Settlement and Hearing on a Final Approval Order and Judgment**

**What is this settlement about?**

The lawsuit claims that some 2001-2003 model-year RAV4s equipped with automatic transmissions have experienced a "harsh shift condition." These vehicles are referred to in this Notice as the "Class Vehicles." The "harsh shift condition" may be attributable to the Electronic Control Module (ECM). A malfunctioning ECM may also cause damage to the vehicle's automatic transmission.

**Who is covered by this settlement?**

All persons in the United States, including the Commonwealth of Puerto Rico, who currently or formerly owned or leased a model year 2001 through 2003 Toyota RAV4 equipped with an automatic transmission. These people are referred to in this settlement as "Class Members."

**What are the benefits of this settlement?**

Toyota will provide a warranty enhancement for Class Members, and will reimburse Class Members who, prior to the receipt of notice of the warranty enhancement, paid for repair or replacement of the ECM and/or automatic transmission in Class Vehicles for the specific condition covered by this settlement. Toyota previously mailed a notice regarding this issue to current owners as part of a separate Customer Support Program. But this settlement expands that Customer Support Program to include *prior* owners and lessees of Class; establishes procedures and standards for processing claims, including an appeals process; and provides assistance to Class Members seeking settlement benefits.

- Your legal rights are affected whether or not you act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | If you paid money out of pocket to fix the "harsh shift condition" and you submit a Claim Form, you may be eligible to receive a reimbursement payment. |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement and you are a *prior* owner or lessee of a Class Vehicle, you will get no reimbursement. If you exclude yourself from the Settlement and you are a current owner or lessee of a Class Vehicle, the claims appeals process and assistance for seeking settlement benefits will *not* apply to you. Excluding yourself is the only option that allows you to be part of any other lawsuit against Toyota about the legal claims in this case. |
| **OBJECT** | You may object to the Settlement by writing to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | You may go to the Settlement hearing if you wish to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | If you do not submit a Claim Form, and you are a former owner, you will not get reimbursed through this Settlement for the money you paid out of pocket to fix the "harsh shift condition." If you do not exclude yourself from this Settlement, you will not be able to sue Toyota for any claims related to this Settlement and you will be bound by the rulings made in this case. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.
- The Court in charge of this case still has to decide whether to approve the settlement. The warranty will be enhanced and reimbursement will be made if the Court approves the settlement and after appeals are resolved. Please be patient because this process will take time.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ........................................................................................................................................PAGE 2
    1. Why did I get this Notice?
    2. What is this lawsuit about?
    3. Why is this a class action?
    4. Why is there a settlement?

**WHO IS IN THE SETTLEMENT** ..........................................................................................................................PAGE 2
    5. How do I know if I am part of the settlement?
    6. Which Toyota RAV4 vehicles are included?
    7. If my Class Vehicle has not experienced the harsh shift condition and/or the Malfunction Indicator Light, am I included?

**THE SETTLEMENT BENEFITS—WHAT YOU GET** ............................................................................................PAGE 2
    8. What does the settlement provide?

**HOW YOU GET A REIMBURSEMENT—SUBMITTING A CLAIM FORM** ........................................................PAGE 2
    9. How can I get a reimbursement?
    10. When will I get my reimbursement?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ......................................................................................PAGE 3
    11. How do I get out of the settlement?
    12. What am I giving up to stay in the Class?

**THE LAWYERS REPRESENTING YOU** ...........................................................................................................PAGE 3
    13. Do I have a lawyer in this case?
    14. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ...............................................................................................................PAGE 4
    15. How do I tell the Court that I don't like the settlement?
    16. What's the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING** ..............................................................................................................PAGE 4
    17. When and where will the Court decide whether to approve the settlement?
    18. Do I have to come to the hearing?
    19. May I speak at the hearing?

**IF YOU DO NOTHING** .....................................................................................................................................PAGE 4
    20. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ...................................................................................................................PAGE 4
    21. Are there more details about the settlement?
    22. How do I get more information?

QUESTIONS? CALL 1-877-235-4599 TOLL FREE, OR VISIT WWW.RAV4ECMSETTLEMENT.COM

**BASIC INFORMATION**

### 1. Why did I get this Notice?

Vehicle identification numbers (VINs) were used to identify current and prior owners and lessees of model year 2001 through 2003 Toyota RAV4s. The Court sent you this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the settlement. This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Milligan vs. Toyota Motor Sales, U.S.A., Inc.*, Case No. C09-05418 RS. The settlement also encompasses, and upon final approval shall resolve, a lawsuit filed in the California Superior Court of Santa Clara County known as *Washington v. Toyota Motor Sales, U.S.A., Inc.*, Case No. 110-CV-164200, alleging the same problems as those alleged in the *Milligan* matter. The people who sued are called Plaintiffs, and the companies they sued, Toyota Motor Sales, U.S.A., Inc. and Toyota Motor Corporation ("Toyota"), are called the Defendants.

### 2. What is this lawsuit about?

The lawsuit claimed that some 2001-2003 model-year RAV4s equipped with automatic transmissions have experienced a "harsh shift condition." When this occurs, the vehicle may suddenly not shift smoothly and/or it may exhibit harshness in shifting operations during driving. The "harsh shift condition" may be attributable to the Electronic Control Module (ECM). A malfunctioning ECM may also cause damage to your vehicle's automatic transmission.

### 3. Why is this a class action?

In a class action, one or more people, called Class Representatives (in this case Carin and Edwin Milligan and Damashata Washington), sue on behalf of people who have similar claims. All these people are a Class or Class Members. One Court resolves the issues for all Class Members, except for those who exclude themselves from the Class. U.S. District Judge Richard Seeborg is in charge of this class action.

### 4. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected are eligible to get compensation. The Class Representatives and their attorneys think the settlement is best for the Settlement Class Members.

**WHO IS IN THE SETTLEMENT**

### 5. How do I know if I am part of the settlement?

Judge Seeborg decided that everyone who fits the following description is a Class Member: *All persons in the United States, including the Commonwealth of Puerto Rico, who currently own or lease or formerly owned or leased a model year 2001 through 2003 Toyota RAV4 equipped with an automatic transmission.* These people are referred to in this Notice as "Class Members" and the vehicles are referred to as "Class Vehicles."

### 6. Which Toyota RAV4 vehicles are included?

Model years 2001 through 2003 Toyota RAV4 vehicles with automatic transmissions are included in this settlement.

### 7. If my Class Vehicle has not experienced the harsh shift condition or the Malfunction Indicator Light, am I included?

Yes. Under the settlement and previous agreements, if your Class Vehicle experiences the condition in the future during the enhanced warranty period, you will be covered by the provisions of the enhanced warranty.

**THE SETTLEMENT BENEFITS—WHAT YOU GET**

### 8. What does the settlement provide?

**The settlement provides the following benefits:**

1. Toyota will continue to provide a warranty enhancement to any Class Member, for a period of ten (10) years or 150,000 miles from the Class Vehicle's in-service date, whichever occurs first, for a harsh shift condition of the automatic transmission and/or illumination of the Malfunction Indicator Light (check engine light) with the following codes: P0750, P0753, P0755, P0758, and/or P1760. Toyota will also continue to offer reimbursement to current owners pursuant to the existing Customer Support Program. The Settlement also (1) extends the reimbursement provision to *prior* owners in the United States and the Commonwealth of Puerto Rico; (2) establishes procedures and standards for processing claims, including an appeals process; and (3) provides assistance to Class Members seeking settlement benefits.

2. Toyota will continue to reimburse all Class Members who, prior to the receipt of notice of the warranty enhancement, paid for repair or replacement of the ECM and/or automatic transmission for the specific condition covered by this settlement, where the condition occurred in Class Vehicles falling within the enhanced-warranty period. If a Class Member has already been reimbursed for their ECM and/or automatic transmission replacement or repair by Toyota, he or she will not be entitled to further reimbursement for that same replacement or repair. The Settlement also (1) extends this benefit to prior owners in the United States and the Commonwealth of Puerto Rico; (2) establishes procedures and standards to ensure the fair administration of claim processing, including an appeals process; and (3) provides assistance to Class Members seeking reimbursement.

**HOW YOU GET A REIMBURSEMENT – SUBMITTING A CLAIM FORM**

### 9. How can I get a reimbursement?

Toyota will handle the processing of the reimbursement claims. If you have already been reimbursed for your ECM and/or automatic transmission replacement or repair by Toyota, you will not be entitled to further reimbursement for that same replacement or repair.

To submit a claim for reimbursement, visit www.RAV4ECMSettlement.com to download the Reimbursement Claim Form or request a Reimbursement Claim Form by calling the Telephone Support line at (toll free) 1-877-235-4599. You must mail the Reimbursement Claim Form during the Reimbursement Period, which is from the date of the Final Approval Order and Judgment through December 31, 2014. Your Reimbursement Claim Form must be accompanied by: (1) a copy of the repair order that includes the reason for repair/replacement; (2) proof of payment; (3) proof of ownership or lease at the time of repair or replacement, which prior owners or lessees may establish by declaration under penalty of perjury; and (4) include the Class Member's name, address, and telephone number.

The claim should be mailed to the following address for reimbursement consideration:

| Toyota Motor Sales, U.S.A., Inc.<br>Toyota Customer Experience, WC 10<br>19001 South Western Avenue<br>Torrance, CA  90509<br>*(Continental United States Claims)* | Servco Automotive Customer Services<br>2850 Pukoloa Street, Suite 202<br>Honolulu, HI 96819<br>*(Hawaii Claims)* | Toyota de Puerto Rico Corp<br>P.O. Box 195467<br>San Juan, Puerto Rico 00919<br>*(Puerto Rico Claims)* |

Class Members who fail to submit valid reimbursement claims within the Reimbursement Period cannot obtain payments pursuant to this Settlement Agreement, but will in all other respects be subject to and bound by the provisions and releases of this Settlement Agreement and the Final Approval Order and Judgment entered by the Court.

A Class Member whose claim for reimbursement or warranty repair or replacement is denied and who desires review of that decision must proceed according to the following appeal process:

1. The Settlement Class Member must contact Class Counsel at:

   Jeffrey B. Cereghino, Esq.
   Ram, Olson, Cereghino & Kopczynski LLP
   555 Montgomery Street, Suite 820
   San Francisco, CA 94111

2. Class Counsel will then contact Toyota's designated counsel:

   Eva M. Weiler, Esq.
   Shook, Hardy & Bacon L.L.P.
   5 Park Plaza, Suite 1600, Irvine, CA 92614

3. If the dispute cannot be resolved between counsel, and the Class Member wants to pursue the claim further, Class Counsel must submit a written appeal claim to the Settlement Claims Administrator and serve a copy on Toyota's designated counsel within twenty (20) days after the meet-and-confer process between counsel is terminated.  Toyota will have twenty (20) days from the date of mailing of the appeal claim to mail a written response.

4. The Settlement Administrator will receive and review the appeal claim and any response from Toyota, confirm the requestor is a Class Member, and decide the issue based on these submissions.  The Settlement Administrator's decision will be final and binding.

5. The Settlement Administrator's fees and costs will be paid by Toyota.

6. The settlement website contains additional details concerning the claims process and protocol, Claim Forms that may be downloaded, and more details about the appeals process including an appeals form that you may download from the website.

## 10. When will I get my reimbursement?

The Court will hold a hearing on December 1, 2011 at 1:30 p.m., to decide whether to approve the settlement.  If Judge Seeborg approves the settlement after that, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Please be patient.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a reimbursement payment from this settlement, but you want to keep the right to sue or continue to sue Toyota, on your own, about the legal issues in this case, then you must take steps to get out of the Settlement.  This is called excluding yourself – or is sometimes referred to as opting out of the Settlement Class.

## 11. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from the *Milligan v. Toyota Motor Sales,U.S.A, Inc.* Class.  Be sure to include your name, address, and your signature, identify the model year, VIN and model of your Class Vehicle, the approximate date of purchase, and state whether you still own or lease the Class Vehicle.  You must mail your exclusion request postmarked no later than **October 24, 2011**, to:

Toyota RAV4 ECM Settlement Claims Administrator
P.O. Box 6177
Novato, CA 94948-6177

You cannot exclude yourself on the phone or by e-mail.  If you ask to be excluded, and you are a prior owner or lessee, you will not get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) Toyota in the future.

## 12. What am I giving up to stay in the Class?

If you are a Settlement Class Member and you do not exclude yourself from the Class, you will be bound by the terms of the Settlement Agreement.  You will give up your right to sue Toyota for claims related to this Settlement, excluding personal injury claims relating to the performance of the ECM and ECM-related automatic transmission problems in your RAV 4.  That means you can't sue, continue to sue, or be part of any other lawsuit against Toyota for claims related to this Settlement.  It also means that all of the Court's orders will apply to you and legally bind you.

### THE LAWYERS REPRESENTING YOU

## 13. Do I have a lawyer in this case?

The Court asked the following attorneys and law firms to represent you and other Class Members: Jeffrey B. Cereghino, Ram, Olson, Cereghino & Kopczynski LLP of San Francisco, California; Michael Ram of Ram, Olson, Cereghino & Kopczynski LLP, of San Francisco, California; Beth E. Terrell of Terrell Marshall & Daudt PLLC of Seattle, Washington; Steven Tindall of Rukin Hyland Doria & Tindall LLP of San Francisco, California; and Jennie Lee Anderson of Andrus Anderson LLP of San Francisco, California.

Together, the lawyers are called Class Counsel.  You will not be charged for these lawyers.  They will be paid as described below in Section 14.  If you want to be represented by your own lawyer, you may hire one at your own expense.  The contact information for Class Counsel can be found on the settlement website, or by contacting the claims administrator at 1-877-235-4599.

| **14. How will the lawyers be paid?** |
|---|

Class Counsel will ask the Court for attorneys' fees and expenses up to $830,000, and a total payment of $10,000 to the Class Representatives, Carin Milligan and Edward Milligan, and Damashata Washington for their service to the Class.  The Court may award less than these amounts.  Toyota will separately pay the fees and expenses that the Court awards.  These amounts will not come out of the funds for reimbursement payments to Class Members.  Toyota has agreed not to oppose these fees and expenses.  Toyota will also separately pay the costs to administer the settlement.  A copy of Class Counsel's petition for an award of attorneys' fees and expenses and request for incentive awards to Class Representatives will be available at www.RAV4ECMSettlement.com as of September 7, 2011.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you don't agree with the settlement or some part of it.

| **15. How do I tell the Court that I don't like the settlement?** |
|---|

If you are a Class Member, you can object to the settlement or petition for attorneys' fees if you don't like any part of them.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter saying that you object to the *Milligan v. Toyota Motor Sales, U.S.A., Inc*. settlement.  Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement.  Please also include the model year and VIN of your Class Vehicle, and state when you purchased the Vehicle and whether you still own or lease it.  Mail the objection to these three different places postmarked no later than **October 24, 2011**:

| TOYOTA RAV4 ECM SETTLEMENT CLAIMS ADMINISTRATOR | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| P.O. Box 6177 | Jeffrey B. Cereghino | Frank C. Rothrock |
| Novato, CA 94948-6177 | Ram, Olson, Cereghino & Kopczynski LLP | Eva M. Weiler |
| | 555 Montgomery Street, Suite 820 | Shook, Hardy & Bacon L.L.P. |
| | San Francisco, CA 94111 | 5 Park Plaza, Suite 1600 |
| | | Irvine, CA 92614 |

| **16. What's the difference between objecting and excluding?** |
|---|

Objecting is simply telling the Court that you don't like something about the settlement.  You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak at the hearing, but you don't have to attend the hearing.

| **17. When and where will the Court decide whether to approve the settlement?** |
|---|

The Court will hold a Fairness Hearing at 1:30 p.m. on December 1, 2011, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, 94102, in Courtroom 3.  At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge Seeborg will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay Class Counsel for their work on the case.  After the hearing, the Court will decide whether to approve the settlement.  It is not known how long these decisions will take.

| **18. Do I have to come to the hearing?** |
|---|

No.  Class Counsel will answer questions Judge Seeborg may have.  But, you are welcome to come to the hearing at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary to do so.

| **19. May I speak at the hearing?** |
|---|

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Milligan vs. Toyota Motor Sales, U.S.A., Inc.*"  Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intention to Appear must be postmarked no later than **October 24, 2011,** and be sent to the Clerk of the Court, at 450 Golden Gate Ave., Flr. 16, San Francisco, CA 94102, to Class Counsel, and Defense Counsel, at the addresses in question 15.  You cannot speak at the hearing if you excluded yourself.

**IF YOU DO NOTHING**

| **20. What happens if I do nothing at all?** |
|---|

If you do not submit a Claim Form, you will not get reimbursed through this Settlement for the money you paid out of pocket to fix the "harsh shift condition."  If you do not exclude yourself from this Settlement, you will not be able to sue Toyota for any claims related to this Settlement in the future and you will be bound by the rulings made in this case.

**GETTING MORE INFORMATION**

| **21. Are there more details about the settlement?** |
|---|

This Notice summarizes the proposed settlement.  More details are in a Settlement Agreement.  You can get a copy of the Settlement Agreement by writing to Toyota RAV4 ECM Settlement Claims Administrator, P.O. Box 6177, Novato, CA 94948-6177, or by visiting www.RAV4ECMSettlement.com.

| **22. How do I get more information?** |
|---|

You can call 1-877-235-4599 toll free; write to Toyota RAV4 ECM Settlement Claims Administrator, P.O. Box 6177, Novato, CA 94948-6177, or visit the website at www.RAV4ECMSettlement.com, where you will find answers to common questions about the settlement, a Reimbursement Claim Form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a reimbursement.

# Exhibit B

**TRIBUNAL DE DISTRITO DE ESTADOS UNIDOS PARA EL DISTRITO DEL NORTE DE CALIFORNIA**

**Si usted ha sido dueño o arrendador de una Toyota RAV4 Año Modelo 2001 al 2003, en Estados Unidos o Puerto Rico, usted pudiera ser afectado por un Acuerdo de Transacción de Pleito de Clase**

*Un Tribunal Federal ha autorizado esta notificación. Esto no es una solicitud de un abogado.*

**Notificación de la tramitación de un Acuerdo de Transacción de un Pleito de Clase y Vista sobre Aprobación Final y Orden**

**De qué se trata este Acuerdo de Transacción?**

La demanda reclama que algunos RAV4 año modelo 2001-2003 equipados con transmisión automática han experimentado una "condición de aplicación brusca del cambio." En esta notificación se hace referencia a estos vehículos como "Vehículos de Clase." La "condición de aplicación brusca del cambio" puede atribuirse al Módulo de Control Electrónico (ECM). Un ECM que no funcione adecuadamente puede también causar daño a la transmisión automática del vehículo.

**Quién está cubierto bajo este Acuerdo de Transacción?**

Todas las personas en Estados Unidos, incluyendo el Estado Libre Asociado de Puerto Rico, que actualmente o en el pasado hayan sido dueños o hayan arrendado un Toyota RAV4 año modelo 2001 al 2003 equipado con transmisión automática. Se hace referencia a estas personas en el Acuerdo de Transacción como "Miembros de Clase".

**Cuáles son los beneficios de este Acuerdo de Transacción?**

Toyota proveerá una mejora en la garantía para los Miembros de Clase y reembolsará a los Miembros de Clase quienes, anterior al recibo de la notificación de mejora de garantía, pagaron por reparar o reemplazar el ECM y/o la transmisión automática de los Vehículos de Clase para la condición específica cubierta bajo este Acuerdo de Transacción. Toyota previamente había enviado por correo una notificación relacionada a este asunto a dueños actuales como parte de un Programa de Apoyo al Cliente. Pero este Acuerdo de Transacción expande el Programa de Apoyo al Cliente para incluir a dueños y arrendadores anteriores como miembros de Clase; establece procedimientos y estándares para el procesamiento de reclamos, incluyendo un proceso de apelación; y provee asistencia a Miembros de Clase que solicitan los beneficios de este Acuerdo de Transacción.

- Sus derechos legales se afectan si actúa o no. Lea esta notificación cuidadosamente.

| SUS DERECHOS LEGALES Y OPCIONES EN ESTE ACUERDO DE TRANSACCIÓN | |
|---|---|
| **SOMETER UNA HOJA DE RECLAMACIÓN** | Si usted ya pagó dinero de su bolsillo para el arreglo de la "condición de aplicación brusca del cambio" y usted somete una Hoja de Reclamación usted puede ser elegible para recibir pago por reembolso. |
| **USTED SE EXCLUYE** | Si usted se excluye del Acuerdo de Transacción y es un dueño o arrendador *previo* de un Vehículo de Clase, usted no recibirá un reembolso. Si usted se excluye del Acuerdo de Transacción y es un dueño o arrendador actual de un Vehículo de Clase, el proceso y asistencia de apelar reclamos para solicitar los beneficios del Acuerdo de Transacción *no* le aplicaran a usted. Excluirse del Acuerdo de Transacción es la única opción que le permitirá ser parte de cualquier otra demanda contra Toyota acerca de reclamos legales en este caso. |
| **OBJETAR** | Usted podrá objetar este Acuerdo de Transacción escribiendo al Tribunal acerca del porqué usted no está de acuerdo con este Acuerdo de Transacción. |
| **IR A LA VISTA** | Usted puede asistir a la vista del Acuerdo de Transacción si desea y expresarse en el Tribunal acerca de la razonabilidad del Acuerdo de Transacción. |
| **HACER NADA** | Si usted no somete una hoja de reclamación y es un dueño anterior, a usted no se le reembolsará a través de este Acuerdo de Transacción por el dinero que pagó de su bolsillo para reparar la "condición de aplicación brusca del cambio." Si usted no se excluye de este Acuerdo de Transacción, usted no podrá demandar a Toyota por ningún reclamo relacionado a este Acuerdo de Transacción y estará sujeto a todas las ordenes emitidas en este caso. |

- Estos derechos y opciones —**y las fechas límites para ejercerlos**—se detallan en esta notificación.
- El Tribunal a cargo de este caso todavía tiene que decidir aprobar o no aprobar el Acuerdo de Transacción. La garantía se mejorará y el reembolso se hará si el Tribunal aprueba el Acuerdo de Transacción y luego que las apelaciones sean resuelta. Favor de ser paciente debido a que este proceso tomará tiempo.

**QUE CONTIENE ESTA NOTIFICACIÓN**

**INFORMACION BASICA** ............................................................................................................................................................PÁGINA 2
 1. Por que recibí este notificación?
 2. De qué se trata esta demanda?
 3. Por qué esto es una pleito de clase?
 4. Por qué hay un Acuerdo de Transacción?

**QUIEN ESTA EN EL ACUERDO DE TRANSACCIÓN** .......................................................................................................................PÁGINA 2
 5. Cómo sé si soy parte del Acuerdo de Transacción?
 6. Cuales vehículos Toyota RAV4 están incluidos?
 7. Si mi Vehículo de Clase no ha experimentado la condición de aplicación brusca del cambio y/o la luz de aviso no se ha encendido, estoy incluido?

**LOS BENEFICIOS DEL ACUERDO DE TRANSACCIÓN—QUE RECIBIRÁ** ........................................................................................ PÁGINA 2
 8. Qué provee el Acuerdo de Transacción?

**COMO SE OBTIENE UN REEMBOLSO—SOMETER HOJA DE RECLAMACION** ...............................................................................PÁGINA 2
 9. Cómo obtengo un reembolso?
 10. Cuándo recibiré mi reembolso?

**EXCLUIRSE DEL ACUERDO DE TRANSACCIÓN** ..........................................................................................................................PÁGINA 3
 11. Cómo me puedo salir del Acuerdo de Transacción?
 12. A qué estoy renunciando por permanecer como Miembro de Clase?

**LOS ABOGADOS QUE LO REPRESENTAN** ..................................................................................................................................PÁGINA 3
 13. Tengo abogado en este caso?
 14. Cómo se les pagará a estos abogados?

**OBJETAR EL ACUERDO DE TRANSACCIÓN** ...............................................................................................................................PÁGINA 4
 15. Cómo le dejo saber a al Tribunal que no me agrada el Acuerdo de Transacción?
 16. Cuál es la diferencia entre objetar y excluirme?

**LA VISTA DE RAZONABILIDAD EN EL TRIBUNAL** .....................................................................................................................PÁGINA 4
 17. Cuándo y dónde decidirá el Tribunal si aprueba o no el Acuerdo de Transacción?
 18. Tengo que ir a la vista?
 19. Puedo hablar en la vista?

**SI NO HACE NADA** ...................................................................................................................................................................PÁGINA 4
 20. Qué ocurre si no hago nada?

**OBTENER MÁS INFORMACION** .................................................................................................................................................PÁGINA 4
 21. Hay más detalles sobre el Acuerdo de Transacción?
 22. Cómo obtengo más información?

TMM_NOT_sp_110829_Draft

PREGUNTAS? LLAME AL 1-877-235-4599 LIBRE DE CARGOS, O VISITE WWW.RAV4ECMSETTLEMENT.COM

## INFORMACIÓN BÁSICA

### 1. Por qué recibí esta notificación?

Los números de identificación de vehículos (VINs) fueron utilizados para identificar dueños y arrendadores corrientes y anteriores de Toyota RAV4 año modelo 2001 al 2003. El Tribunal le envió esta notificación debido a que usted tiene el derecho de conocer sobre un propuesto Acuerdo de Transacción en una demanda de pleito de clase y sobre sus opciones, antes que el Tribunal decida aprobar el Acuerdo de Transacción. Este paquete explica la demanda, el Acuerdo de Transacción, sus derechos legales, que beneficios están disponibles, quien es elegible a los mismos y como obtenerlos. El Tribunal a cargo del caso es el Tribunal de Distrito de Estados Unidos para el Distrito del Norte de California, y el caso se conoce como *Milligan vs. Toyota Motor Sales, U.S.A., Inc.*, Caso No. C09-05418 RS. Este Acuerdo de Transacción también incluye, y de aprobarse finalmente debe resolver, una demanda radicada en el Tribunal Superior de Santa Ana, California conocida como *Washington v. Toyota Motor Sales, U.S.A., Inc.*, Caso No. 110-CV-164200, alegando los mismos problemas a los alegados en el asunto *Milligan*. Las personas que demandaron se les titula Demandantes, y las compañías que ellos demandaron, Toyota Motor Sales, U.S.A., Inc. y Toyota Motor Corporation ("Toyota"), se les titula Demandados.

### 2. De qué se trata esta demanda?

Esta demanda reclama que algunos Toyota RAV4 año modelo 2001-2003 equipados con transmisión automática han experimentado una "condición de aplicación brusca del cambio." Cuando esto ocurre, el vehículo pudiera de repente no hacer el cambio suavemente y/o puede mostrar brusquedad en las operaciones de cambio mientras guía. La "condición de aplicación brusca del cambio" pudiera atribuirse al Modulo de Control Electrónico (ECM). Un ECM con que no funcione adecuadamente pudiera también causar daño a la transmisión automática de su vehículo.

### 3. Por qué es esto un pleito de clase?

En un pleito de clase, una o más personas, llamadas Representantes de Clase (en este caso Carin y Edwin Milligan y Damashata Washington), demandaron a nombre de personas con reclamos similares. Todas estas personas son una Clase o Miembros de Clase. Un Tribunal resuelve los asuntos para todos los Miembros de Clase, excepto aquellos que se excluyeron de la Clase. El Juez de Distrito Federal Richard Seeborg está a cargo del pleito de clase.

### 4. Por qué hay un Acuerdo de Transacción?

El Tribunal no decidió a favor los Demandantes ni los Demandados. En cambio, ambas partes acordaron llegar a un Acuerdo de Transacción. De esta manera se evitan los gastos de un juicio, y las personas afectadas son elegibles para recibir compensación. Los Representantes de Clase y sus abogados opinan que el Acuerdo de Transacción es la mejor decisión para los Miembros de Clase.

## QUIEN ESTA EN EL ACUERDO DE TRANSACCIÓN

### 5. Cómo sé si soy parte del Acuerdo de Transacción?

El Juez Seeborg decidió que todos aquéllos que cumplan con la siguiente descripción son un Miembro de Clase: *Todas las personas en Estados Unidos, incluyendo el Estado Libre Asociado de Puerto Rico, que actualmente son dueños o fueron dueños o arrendadores de un Toyota RAV4 año modelo 2001 al 2003 equipadas con transmisión automática.* A estas personas se les hace referencia en esta notificación como Miembros de Clase y a los vehículos se les hace referencia como "Vehículos De Clase".

### 6. Qué vehículos Toyota RAV4 están incluidos?

Vehículos Toyota RAV4 años modelo 2001 al 2003 con transmisiónes automáticas están incluidos en este Acuerdo de Transacción.

### 7. Si mi Vehículo de Clase no ha experimentado la condición de aplicación brusca del cambio o se ha encendido de la Luz de Aviso, estoy incluido?

Si. Bajo el Acuerdo de Transacción y acuerdos previos, si su Vehículo de Clase experimenta la condición en un futuro durante el período de garantía mejorada, usted estará cubierto por las proviciones de la garantía mejorada.

## LOS BENEFICIOS DEL ACUERDO DE TRANSACCIÓN —QUE OBTIENE

### 8. Qué provee el Acuerdo de Transacción?

**El Acuerdo de Transacción provee los siguientes beneficios:**

1. Toyota continuará proveyendo una mejora en la garantía a todo Miembro de Clase, por un período de diez (10) años o 150,000 millas desde el día que llevó a servicio el Vehículo de Clase, lo que ocurra primero, por una condición de aplicación brusca del cambio de la transmisión automática y/o iluminación de la luz de aviso (luz de verificar motor) con los siguientes códigos: P0750, P0753, P0755, P0758, y/o P1760. Toyota también continuará ofreciendo el reembolso a dueños actuales según el Programa de Apoyo al Cliente existente. El Acuerdo de Transacción también (1) extiende la disposición de reembolso a dueños *anteriores* en los Estados Unidos y el Estado Libre Asociado de Puerto Rico; (2) establece procedimientos y estándares para el procesamiento de reclamos, incluyendo procesos de apelación; y (3) provee asistencia a Miembros de Clase que soliciten los beneficios del Acuerdo de Transacción.

2. Toyota continuará reembolsando a todos los Miembros de Clase quienes, antes de haber recibido esta notificación de mejora en garantía, pagaron por reparar o reemplazar el ECM y/o la transmisión automática por la condición específica cubierta por este Acuerdo de Transacción, cuando la condición haya ocurrido en Vehículos de Clase que estén dentro del período de la garantía mejorada. Si un Miembro de Clase ha sido ya reembolsado por Toyota por el ECM y/o el reemplazo o reparación de la transmisión automática, él o ella no serán elegibles para futuros reembolsos por el mismo reemplazo o reparación. El Acuerdo de Transacción también (1) extiende estos beneficios a dueños anteriores en los Estados Unidos y en el Estado Libre Asociado de Puerto Rico; (2) establece procedimientos y estándares para asegurar la administración justa en el proceso de reclamación, incluyendo un proceso de apelación; y (3) provee asistencia a Miembros de Clase solicitando el reembolso.

## COMO USTED OBTIENE UN REEMBOLSO – SOMETIENDO UNA HOJA DE RECLAMACIÓN

### 9. Cómo obtengo un reembolso?

Toyota manejará el proceso de reclamos de reembolsos. Si usted ya ha sido reembolsado por Toyota por el reemplazo o reparación del ECM y/o la transmisión automática, usted no es elegible para futuro reembolso por el mismo reemplazo o reparación.

Para someter un reclamo de reembolso, visite www.RAV4ECMSettlement.com para descargar la Hoja de Reclamación de Reembolso o solicitar una Hoja de Reclamacion de Reembolso por teléfono llamando a la línea de Apoyo por Teléfono (libre de cargos) 1-877-235-4599. Debe enviar por correo la Hoja de Reclamación de Reembolso durante el Período de Reembolso, que es desde la fecha de la Orden de Aprobación Final y Sentencia hasta el 31 de Diciembre de 2014. Su Hoja de Reclamación de Reembolso debe estar acompañada de: (1) copia de la orden de reparación que incluya la razón de la reparación/reemplazo; (2) evidencia de pago; (3) evidencia de propiedad o arrendamiento al momento de la reparación o reemplazo, cuyos dueños o arrendadores anteriores pueden establecer mediante una declaración bajo pena de perjurio; y (4) incluir el nombre, dirección y número de teléfono del Miembro de Clase.

El reclamo debe ser enviado por correo a la siguiente dirección para consideración de reembolso:

| | | |
|---|---|---|
| Toyota Motor Sales, U.S.A., Inc. | Servco Automotive Customer Services | Toyota de Puerto Rico Corp. |
| Toyota Customer Experience, WC 10 | 2850 Pukoloa Street, Suite 202 | P.O. Box 195467 |
| 19001 South Western Avenue | Honolulu, HI 96819 | San Juan, Puerto Rico 00919 |
| Torrance, CA 90509 | *(Reclamos de Hawaii)* | *(Reclamos de Puerto Rico)* |
| *(Reclamos de Estados Unidos Continental)* | | |

Miembros de Clase que no cumplan en someter reclamos de reembolso válidos dentro del Período de Reembolso no podrán recibir pagos a tenor con este Acuerdo de Transacción, pero podrán en todo los otros aspectos estar sujetos a las disposiciones y relevos del Acuerdo de Transacción y la Orden de Aprobación Final y Sentencia emitida por el Tribunal.

Un Miembro de Clase cuyo reclamo de reembolso por reparación o reemplazo por garantía haya sido denegado y desea que reevalúen la decisión debe proceder con el siguiente proceso de apelación:

1. Los Miembros de Clase del Acuerdo de Transacción deben comunicarse con el Abogado de Clase, a:

   Jeffrey B. Cereghino, Esq.
   Ram, Olson, Cereghino & Kopczynski LLP
   555 Montgomery Street, Suite 820
   San Francisco, CA 94111

2. El Abogado de Clase se comunicara luego con el Abogado designado de Toyota:

   Eva M. Weiler, Esq.
   Shook, Hardy & Bacon L.L.P.
   5 Park Plaza, Suite 1600 Irvine, CA 92614

3. Si la disputa no puede ser resuelta entre los abogados, y el Miembro de Clase desea continuar con el reclamo, el Abogado de Clase deberá someter por escrito un reclamo de apelación al Administrador del Acuerdo de Transacción y diligenciar una copia al Abogado designado de Toyota dentro de veinte (20) días luego de terminado el proceso de reunirse-conferenciar entre los abogados. Toyota tendrá veinte (20) días a partir de la fecha de envío por correo del reclamo de apelación para enviar una respuesta por escrito.

4. El Administrador del Acuerdo de Transacción recibirá y revisará el reclamo de apelación y cualquier respuesta de Toyota, confirmará que el peticionario es un Miembro de Clase, y decidirá el asunto basado en los documentos sometidos. La decisión del Administrador del Acuerdo de Transacción será final y firme.

5. Los costos y honorarios del Administrador del Acuerdo de Transacción serán pagados por Toyota.

6. La página de internet del Acuerdo de Transacción contiene detalles adicionales sobre el proceso y protocolo del reclamo, hojas de reclamación que pueden ser descargadas, y más detalles acerca del proceso de apelación incluyendo una hoja de apelación que puede descargar directamente del sitio en el internet.

### 10. Cuándo recibiré mi reembolso?

El Tribunal llevará a cabo una vista el 1 de Diciembre del 2011 a la 1:30 p.m., para decidir si aprueba o no el Acuerdo de Transacción. Si el Juez Seeborg aprueba el Acuerdo de Transacción luego de esto, puede apelarse la determinación. Es siempre incierto si estas apelaciones puedan ser resueltas, y resolverlas puede tomar tiempo, de hecho hasta más de un año. Favor de ser paciente.

### EXCLUIRSE DEL ACUERDO DE TRANSACCIÓN

Si usted no desea un pago de reembolso de este Acuerdo de Transacción, pero desea conservar el derecho a demandar o continuar demandando a Toyota, por su cuenta, acerca de los aspectos legales de este caso, entonces debe tomar pasos para salirse de este Acuerdo de Transacción. A ésto se le conoce como excluirse -o se le refiere a veces como optando por no permanecer como Miembro de Clase del Acuerdo de Transacción.

### 11. Cómo salgo de este Acuerdo de Transacción?

Para excluirse de este Acuerdo de Transacción, deberá enviar una carta por correo indicando que desea excluirse como Miembro de Clase en el caso de *Milligan v Toyota Motor Sales, U.S.A, Inc.* Asegúrese de incluir su nombre, dirección y firma, identificar el año modelo, el VIN y el modelo de su Vehículo de Clase, la fecha aproximada de compra e indicar si el Vehículo de Clase todavía le pertenece o lo arrienda. Deberá enviar por correo su solicitud de exclusión con el matasellos del correo no más tarde del **24 de Octubre de 2011**, a:

Toyota RAV4 ECM Settlement Claims Administrator
P.O. Box 6177
Novato, CA 94945-6177

Usted no podrá excluirse por teléfono o correo electrónico. Si usted solicita que se le excluya y es un dueño o arrendador anterior, usted no recibirá pago alguno por la transacción, y no podrá objetar el Acuerdo de Transacción. Usted no estará legalmente obligado por lo que suceda en esta demanda. Usted podrá demandar o continuar demandando a Toyota en el futuro.

### 12. A qué estoy renunciando por permanecer en la Clase?

Si usted es un Miembro de Clase del Acuerdo de Transacción y no se excluye de la Clase, usted estará obligado por los términos del Acuerdo de Transacción. Usted estará renunciando a su derecho de demandar a Toyota por reclamos relacionados a este Acuerdo de Transacción, excluyendo reclamos por daños personales relacionados al desempeño del ECM y problemas de transmisión automática relacionadas al ECM de su RAV4. Esto significa que no puede demandar, continuar demandando, o ser parte de otra demanda contra Toyota por reclamos relacionados a este Acuerdo de Transacción. También significa que todas las órdenes del Tribunal aplican a usted y legalmente les obligará.

### LOS ABOGADOS QUE LO REPRESENTAN A USTED

### 13. Tengo abogado en este caso?

El Tribunal ha solicitado a los siguientes abogados y firmas de abogados a que lo representen a usted y a otros Miembros de Clase: Jeffrey B. Cereghino, Ram, Olson, Cereghino & Kopczynski LLP de San Francisco, California; Michael Ram de Ram, Olson, Cereghino & Kopczynski LLP de San Francisco, California; Beth E. Terrell de Terrell Marshall & Daudt PLLC de Seattle, Washington; Steven Tindall de Rukin Hyland Doria & Tindall LLP de San Francisco, California; y Jennie Lee Anderson de Andrus Anderson LLP de San Francisco, California.

Juntos, estos abogados se les llaman los Abogados de la Clase, A usted no se le harán cargos por estos abogados. A ellos se les pagará según se describe más adelante en la Sección 14. Si usted desea ser representado por su propio abogado, usted puede contratar uno a su propio costo. La información de contacto de los Abogados de Clase puede ser encontrada en la página de internet del Acuerdo de Transacción, o comunicándose con el administrador de reclamos al 1-877-235-4599.

**14. ¿Cómo se les pagará a los abogados?**

Los Abogados de la Clase solicitarán al Tribunal hasta la cantidad de $830,000 por gastos y honorarios, y un pago total de $10,000 a los Representantes de Clase, Carin Milligan y Edward Milligan, y Damashata Washington por sus servicios a la Clase. El Tribunal puede adjudicar menos de estas cantidades. Toyota separadamente pagará los gastos y honorarios que el Tribunal adjudique. Estas cantidades no saldrán de los fondos de pagos de reembolso a los Miembros de Clase. Toyota ha acordado no oponerse a estos costos y gastos. Toyota también pagará separadamente por los costos de administrar el Acuerdo de Transacción. Una copia de la petición de los Abogados de la Clase para la adjudicación de honorarios de abogados y gastos y la solicitud de adjudicación de incentivos a los Representantes de Clase estará disponible en www.RAV4ECMSettlement.com a partir del 7 de septiembre de 2011.

## OBJETANDO EL ACUERDO DE TRANSACCIÓN

Usted puede dejarle saber al Tribunal que usted no está de acuerdo con el Acuerdo de Transacción o parte de él.

**15. ¿Cómo le dejo saber a el Tribunal que no me agrada el Acuerdo de Transacción?**

Si usted es un Miembro de Clase, usted puede objetar este Acuerdo de Transacción si no le agrada el Acuerdo de Transacción o parte de él. Puede mencionar las razones por las cuales entiende que el Tribunal no debe aprobarlo. El Tribunal considerará sus puntos de vista. Para objetar, deberá enviar una carta indicando que usted objeta el Acuerdo de Transacción del caso *Milligan v Toyota Motor Sales, U.S.A, Inc*. Asegúrese de incluir su nombre, dirección, número de teléfono, su firma y las razones por las cuales objeta el Acuerdo de Transacción. Favor incluir el año modelo y VIN de su Vehículo de Clase, e indicar cuando compró el vehículo y si aún le pertenece o lo arrienda. Envíe su objeción por correo a estas tres distintas direcciones con un matasellos de correo no más tarde del **24 de Octubre de 2011**:

| TOYOTA RAV4 ECM SETTLEMENT CLAIMS ADMINISTRATOR<br>P.O. Box 6177<br>Novato, CA 94948-6177 | ABOGADOS DE LA CLASE<br>Jeffrey B. Cereghino<br>Ram, Olson, Cereghino & Kopczynski LLP<br>555 Montgomery Street, Suite 820<br>San Francisco, CA 94111 | ABOGADOS DE DEFENSA<br>Frank C. Rothrock<br>Eva M. Weiler<br>Shook, Hardy & Bacon L.L.P.<br>5 Park Plaza, Suite 1600<br>Irvine, CA 92614 |
|---|---|---|

**16. ¿Cuál es la diferencia entre objetar y excluir?**

Objetar es simplemente dejarle saber al Tribunal que a usted no esta de acuerdo con algo del Acuerdo de Transacción. Usted puede objetar solo si permanece en la Clase. Excluirse es dejarle saber al Tribunal que no desea ser parte de la Clase. Si usted se excluye, no tendrá base para objetar debido a que el caso ya no le afecta.

## LA VISTA DE RAZONABILIDAD DEL TRIBUNAL

El Tribunal llevará a cabo una audiencia para decidir si aprueba o no el Acuerdo de Transacción. Usted puede asistir y puede solicitar hablar en la audiencia, pero no tiene que asistir a la audiencia.

**17. ¿Cuándo y dónde el Tribunal decidirá si aprueba o no el Acuerdo de Transacción?**

El Tribunal llevará a cabo una Vista de Razonabilidad a la 1:30 p.m. del 1 de diciembre del 2011, en el Tribunal de Distrito de Estados Unidos del Distrito del Norte de California, 450 Golden Gate Avenue, San Francisco, California, 94102, en el Salón 3. En esta Vista, el Tribunal considerará si el Acuerdo de Transacción es justo, razonable y adecuado. Si hay objeciones, el Tribunal las considerará. El Juez Seeborg escuchará a las personas que hayan solicitado expresarse en la vista. El Tribunal pudiera también decidir cuánto se le pagará a los Abogados de Clase por su trabajo en este caso. Luego de la Vista, el Tribunal decidirá si aprueba o no el Acuerdo de Transacción. Se desconoce cuánto tiempo tomarán estas determinaciones.

**18. ¿Tengo que asistir a la audiencia?**

No. Los Abogados de la clase contestarán las preguntas que el Juez Seeborg pueda tener. Pero, usted es bienvenido a asistir a la audiencia a su propio gasto. Si usted envía una objeción, usted no tendrá que ir al Tribunal para expresarse sobre la misma. Siempre y cuando usted la haya enviado por correo a tiempo, el Tribunal la considerará. Usted también puede pagar su propio abogado para asistir, pero no es necesario.

**19. ¿Puedo expresarme en la Vista?**

Usted puede solicitar al Tribunal permiso para hablar en la Vista de Razonabilidad. Para hacer ésto, deberá enviar una carta indicando que es su "Notificación de Intenión de Comparecer en el caso *Milligan vs. Toyota Motor Sales, U.S.A, Inc.*" Asegúrese de incluir su nombre, dirección, número de teléfono y firma. Su Notificación de Intención de Comparecer debe tener matasellos de correo no más tarde del **24 de Octubre de 2011** y ser enviada al Secretario del Tribunal ("Clerk of the Court"), a 450 Golden Gate Ave., Flr. 16, San Francisco, CA 94102, a los Abogados de la Clase, y al Abogado de Defensa, a las direcciónes en la pregunta 15. Usted no podrá comparecer en la vista si se ha excluido.

## SI USTED NO HACE NADA

**20. ¿Qué sucederá si no hago nada del todo?**

Si usted no somete una hoja de reclamación, usted no obtendrá reembolso a través de este Acuerdo de Transacción por el dinero que pago de su bolsillo para reparar la condicón de aplicación brusca del cambio. Si usted no se excluye de este Acuerdo de Transacción, usted no podrá demandar a Toyota por algún reclamo relacionado a este Acuerdo de Transacción en el futuro y estará obligado legalmente por las órdenes emitidas en este caso.

## OBTENIENDO MÁS INFORMACIÓN

**21. ¿Hay más detalles acerca del Acuerdo de Transacción?**

Esta notificación resume el Acuerdo de Transacción propuesto. Más detalles se encuentran en el Acuerdo de Transacción. Puede obtener una copia del Acuerdo de Transacción escribiendo a Toyota RAV4 ECM Settlement Claims Administrator, P.O. Box 6177, Novato, CA 94948-6177, o visitando al www.RAV4ECMSettlement.com.

**22. ¿Cómo obtengo más información?**

Usted puede llamar al 1-877-235-4599 libre de cargos; escribir a Toyota RAV4 ECM Settlement Claims Administrator, P.O. Box 6177, Novato, CA 94948-6177, o visitar el sitio en la red **www.RAV4ECMSettlement.com**, donde encontrará respuestas a las preguntas comunes acerca del Acuerdo de Transacción, una Hoja de Reclamación de Reembolso, y otra información adicional que le ayudará a determinar si es o no un Miembro de Clase y si es elegible a un reembolso.