*E-Filed 12/14/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CARIN and GEORGE EDWIN MILLIGAN, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

TOYOTA MOTOR SALES, U.S.A., INC., *et al.*,

    Defendants.

No. C 09-05418 RS

**ORDER REQUESTING FURTHER BRIEFING**

Pending before the Court are plaintiffs' motion for final approval of class settlement and motion for attorneys' fees and reimbursement of expenses. To resolve several issues that were not clarified at the hearing on plaintiffs' motions, the Court hereby requests joint, supplemental briefing from the parties on the following questions:

1. Plaintiffs indicate that Toyota has entered into a memorandum of understanding (MOU) with the California Air Resources Board (CARB), under which it "agreed to extend the warranty for the affected vehicles from eight years/80,000 miles to ten years/150,000 miles and to reimburse reasonable replacement expenses to those [current Class Vehicle owners or lessees] who had replaced an ECM or transmission within the extended warranty period." Plaintiffs also state that, as of November 17, 2011, "Toyota has processed a total of 4,319 reimbursement claims related to the ECM, paying out a total of $9,138,631.52." The factual questions to be addressed are: (A) how many of these

reported, reimbursed claims were filed by *current* Class Vehicle owners and lessees whose claims are covered by the terms of the CARB MOU? (B) How many of these reported, reimbursed claims were filed by *former* Class vehicles owners and lessees whose claims are not covered by the terms of the MOU, and would not be reimbursed, but for the proposed settlement agreement in this case? An assessment in terms of dollar figures, percentages, or any other good faith estimate, is acceptable.

2. According to the Conditional Third Amended Complaint, the named plaintiffs in this case both purchased Class Vehicles and later replaced the allegedly defective component at their own expense. Dkt. No. 55. At the time plaintiffs and Toyota entered into the proposed class settlement: (A) were the named plaintiffs *current or former* owners of the Class Vehicle? (B) Are the claims for reimbursement advanced by the named plaintiffs covered by the CARB MOU, or not?

The parties are directed to **file a joint, supplemental brief by December 22, 2011,** that addresses these limited issues in **three (or fewer) written pages.** Should the parties dispute the answers to these limited questions, the brief should reflect both parties' positions.

IT IS SO ORDERED.

Dated: 12/14/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE