Michael F. Ram, SBN 104805
Email: mram@rocklawcal.com
Jeffrey B. Cereghino, SBN 99480
Email: jbc@rocklawcal.com
RAM, OLSON, CEREGHINO
  & KOPCZYNSKI LLP
555 Montgomery Street, Suite 820
San Francisco, California 94111
Telephone: 415-433-4949
Facsimile: 415-433-7311

Beth E. Terrell, SBN 178181
Email: bterrell@tmdwlaw.com
TERRELL, MARSHALL DAUDT
  & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
Telephone: 206-816-6603
Facsimile: 206-350-3528

*Attorneys for the Plaintiff Class*

**UNITED STATES DISTRICT COURT**

**FOR THER NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARIN and GEORGE EDWIN MILLIGAN, California residents, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>TOYOTA MOTOR SALES, U.S.A., INC., a California corporation; and TOYOTA MOTOR CORPORATION, a foreign corporation,<br><br>   Defendants. | No. C09-05418 RS<br><br>**DECLARATION OF BETH E. TERRELL IN SUPPORT OF JOINT SUPPLEMENTAL BRIEF RE FINAL APPROVAL OF CLASS SETTLEMENT, ATTORNEY FEES AND REIMBURSEMENT OF EXPENSES IN RESPONSE TO COURT'S ORDER REQUESTING FURTHER BRIEFING** |

/ / /

/ / /

/ / /

/ / /

/ / /

Case No. C 09-05418 RS – DECLARATION OF BETH E. TERRELL IN SUPPORT OF JOINT SUPPLEMENTAL BRIEF RE FINAL APPROVAL OF CLASS SETTLEMENT, ATTORNEY FEES AND REIMBURSEMENT OF EXPENSES IN RESPONSE TO COURT'S ORDER REQUESTING FURTHER BRIEFING

1

I, Beth E. Terrell, declare as follows:

1. I am a member of Terrell Marshall Daudt & Willie PLLC ("TMDW"), co-counsel for Plaintiffs and proposed class members in this matter. I am a member in good standing of the bars of the States of Washington and California. I respectfully submit this declaration in support of further briefing submitted pursuant to the Court's December 14, 2011 Order in the above-captioned class action. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2. In preparing for the final approval hearing, I assisted in analyzing the differences between the CARB understanding and the proposed class action settlement. During that preparation, I focused on what we knew about the CARB understanding at the mediation that occurred in June 2010, including the draft notice Toyota intended to send to RAV 4 owners. Although the CARB notice mentioned consideration of a reimbursement remedy for current owners, it was very ambiguous and did not say how a class member was to submit a claim to Toyota, nor which criteria would apply to determine whether they were eligible. Indeed, it appeared to us then, and still does, that whether a class member received reimbursement under the CARB letter, was dependent entirely on Toyota's discretion, as Toyota confirmed at the final approval hearing. As a result, in the Class Settlement we negotiated not only an extension of a reimbursement remedy to prior owners, but also a claims protocol, including criteria for approval, oversight by an independent claims administrator, and an appellate process where class members are assisted by class counsel. In addition, with the Class Notice class members received a clear notice of their right to receive reimbursement and it became a contractually enforceable term.

3. Because we had to negotiate procedures and protocols to give any meaning to the reimbursement rights of current owners, in preparing for the final approval hearing I focused on our class settlement benefit and not on the vague reference in the CARB notice to current owners asking for Toyota's "consideration." Since a Toyota customer can always ask for the dealer's consideration, the CARB notice provided effectively no reimbursement right to class member and there was no real remedy until the class action settlement. As a result, in preparing for the

Case No. C 09-05418 RS – DECLARATION OF BETH E. TERRELL IN SUPPORT OF JOINT SUPPLEMENTAL BRIEF RE FINAL APPROVAL OF CLASS SETTLEMENT, ATTORNEY FEES AND REIMBURSEMENT OF EXPENSES IN RESPONSE TO COURT'S ORDER REQUESTING FURTHER BRIEFING

2

1  final approval hearing, I told Mike Ram that the CARB understanding did not provide a
2  reimbursement remedy for current owners.  I deeply apologize for the confusion it has caused.
3      I declare under penalty of perjury under the laws of the United States that the foregoing is
4  true and correct.
5      Executed at Seattle, Washington this 22nd day of December, 2011.

                                      */s/ Beth E. Terrell*
                                      Beth E. Terrell, CSB 178181

Case No. C 09-05418 RS – DECLARATION OF BETH E. TERRELL IN SUPPORT OF JOINT SUPPLEMENTAL BRIEF RE FINAL APPROVAL OF CLASS SETTLEMENT, ATTORNEY FEES AND REIMBURSEMENT OF EXPENSES IN RESPONSE TO COURT'S ORDER REQUESTING FURTHER BRIEFING

3